# Exhibit

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*,<br><br>*Defendants.* | No. 1:25-cv-208-JJM-PAS |

**PLAINTIFF STATES' RESPONSE TO ORDER TO SHOW CAUSE**

On May 14, 2025, the Court entered an order asking the parties whether this case should be consolidated with *Illinois v. FEMA*, No. 25-cv-206 (D.R.I. filed May 13, 2025) (*FEMA*). May 14, 2025 Order. Plaintiff States agree that the two cases could permissibly be consolidated because they involve some "common question[s] of law," Fed. R. Civ. P. 42(a); *Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989), but on balance do not think that consolidation would best promote the efficient resolution of these cases. Defendants do not oppose Plaintiff States' position that these two cases can remain separate actions. But Plaintiff States will, of course, proceed however the Court thinks would best serve the interest of "secur[ing] the just, speedy, and inexpensive" resolution of both cases, Fed. R. Civ. P. 1, whether by consolidating these cases or proceeding separately in each.

As the Court is aware, this case and *FEMA* each challenge efforts by federal agencies to impose funding conditions related to immigration enforcement. Compl. ¶¶ 1-8, *Illinois v. FEMA*, No. 25-cv-206 (D.R.I.) (*FEMA* Compl.); Compl. ¶¶ 1-15, *California v. U.S. Dep't of Transp.*, No. 25-cv-208 (D.R.I.) (*DOT* Compl.). Plaintiff States in each case contend that the applicable

1

defendants' decision to impose these conditions exceeds their statutory authority, is arbitrary and capricious in violation of the Administrative Procedure Act, and violates the Spending Clause. *See FEMA* Compl. ¶¶ 300-32; *DOT* Compl. ¶¶ 206-41. The two cases thus involve overlapping "question[s] of law," Fed. R. Civ. P. 42(a), in the sense that they will require the Court to consider the application of similar legal principles to the terms and conditions each agency has attempted to impose.

At the same time, there are also factual and legal distinctions between the two cases. The cases arise from and challenge two different sets of agency actions taken by two different sets of agency defendants: the Department of Homeland Security and its sub-agencies in *FEMA*, *see FEMA* Compl. ¶¶ 32-37, and the Department of Transportation in this case, *see DOT* Compl. ¶¶ 39-40. The conditions imposed by these defendants also differ: Defendants in *FEMA* have sought to impose seven separate conditions touching on immigration enforcement applicable to funds under their control, *FEMA* Compl. ¶¶ 262-63, whereas defendants in this case have so far sought to impose only one federal immigration enforcement condition, with different language, on funding overseen by multiple sub-agencies, *DOT* Compl. ¶¶ 182-86. There is thus no materially "common question of . . . fact," Fed. R. Civ. P. 42(a), that will require adjudication in these cases; rather, the cases will require the application of similar legal principles to different conditions imposed by different defendants operating under different sources of statutory authority. For that reason, even the questions of law presented by these cases are not fully identical, in that the claims alleged in each case must be resolved in light of two distinct statutory schemes and administrative records. Thus, although the cases involve the application of overlapping legal principles, they are not two pieces of one case.

The factual and legal differences between the two cases explain why Plaintiff States filed these cases separately and did not relate them. *See* Local Rules Cv 5(b)(1) (related cases involve "some or all of the same parties" and "the same or substantially similar issues of fact"). In Plaintiff States' view, those differences also counsel against consolidation, because any judge assigned to hear both cases would have to become familiar with two different statutory regimes and administrative records, rather than simply adjudicating common questions of fact and law that would resolve both cases at one time. *See* 9A Wright et al., *Federal Practice and Procedure* § 2383 (3d ed. 2008) (courts consider whether consolidation will "waste judicial resources"). It is also possible that the two cases will proceed on different paths, which could also undermine the benefits of consolidation. *See id.* (courts consider "the effective management" of the litigation in deciding whether to consolidate cases).

Plaintiff States are ultimately committed to managing this litigation in any manner that will "avoid unnecessary cost or delay" to the parties and the Court alike. Fed. R. Civ. P. 42(a)(3). In Plaintiff States' view, consolidation likely would not best promote the efficient resolution of these actions, given the burdens that consolidation might impose on the single judge assigned to hear both cases and the relatively modest benefits consolidation might present. But we are prepared to litigate our claims either in one consolidated proceeding or in separate proceedings, as the Court prefers.

| | |
|---|---|
| May 19, 2025 | Respectfully submitted, |
| **ROB BONTA**<br>  ATTORNEY GENERAL OF CALIFORNIA | **KWAME RAOUL**<br>  ATTORNEY GENERAL OF ILLINOIS |
| Michael L. Newman<br>  *Senior Assistant Attorney General*<br>Joel Marrero<br>James E. Stanley<br>  *Supervising Deputy Attorneys General* | /s/ Alex Hemmer<br>Alex Hemmer<br>  *Deputy Solicitor General*<br>Michael M. Tresnowski<br>R. Henry Weaver |

3

Luke Freedman
Newton Knowles
Christopher Medeiros
Alexis Piazza
Deylin Thrift-Viveros
Delbert Tran
  *Deputy Attorneys General*

/s/ Delbert Tran
Delbert Tran
  *Deputy Attorney General*
California Department of Justice
455 Golden gate Ave., Suite 11000
San Francisco, CA 94102
(415) 229-0110
delbert.tran@doj.ca.gov

*Attorneys for the State of California*

**MATTHEW J. PLATKIN**
  ATTORNEY GENERAL OF NEW JERSEY

/s/ Shankar Duraiswamy
Shankar Duraiswamy
  *Deputy Solicitor General*
Mayur P. Saxena
  *Assistant Attorney General*
Maryanne M. Abdelmesih
Surinder K. Aggarwal
Yael Fisher
Nathaniel F. Rubin
  *Deputy Attorneys General*
25 Market St., PO Box 093
Trenton, NJ 08625-0093
(609) 376-2745
shankar.duraiswamy@law.njoag.gov

*Attorneys for the State of New Jersey*

  *Assistant Attorneys General*
Office of the Illinois Attorney General
115 LaSalle Street
Chicago, IL 60603
(773) 590-7932
alex.hemmer@ilag.gov

*Attorneys for the State of Illinois*

**PETER F. NERONHA**
  ATTORNEY GENERAL OF RHODE ISLAND

/s/ Patrick Reynolds
Kathryn M. Sabatini (RI Bar No. 8486)
  *Civil Division Chief*
  *Special Assistant Attorney General*
Patrick Reynolds (RI Bar No. 10459)
  *Special Assistant Attorney General*
Rhode Island Attorney General's Office
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 1882
preynolds@riag.ri.gov
ksabatini@riag.ri.gov

*Attorneys for the State of Rhode Island*

4

**ANTHONY G. BROWN**
  ATTORNEY GENERAL OF MARYLAND

/s/ James C. Luh
James C. Luh
  *Senior Assistant Attorney General*
Office of the Maryland Attorney General
200 Saint Paul Place
20th Floor
Baltimore, MD 21202
(410) 576-6411
jluh@oag.state.md.us

*Attorneys for the State of Maryland*


**PHILIP J. WEISER**
  ATTORNEY GENERAL OF COLORADO

/s/ Sam Wolter
Sam Wolter
  *Assistant Attorney General*
Colorado Department of Law
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
samuel.wolter@coag.gov

*Attorneys for the State of Colorado*


**WILLIAM TONG**
  ATTORNEY GENERAL OF CONNECTICUT

/s/ Michael K. Skold
Michael K. Skold
  *Solicitor General*
Connecticut Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
(860) 808-5020
michael.skold@ct.gov

*Attorneys for the State of Connecticut*


**KATHLEEN JENNINGS**
  ATTORNEY GENERAL OF DELAWARE

/s/ Ian R. Liston
Ian R. Liston
  *Director of Impact Litigation*
Vanessa L. Kassab
  *Deputy Attorney General*
Delaware Department of Justice
820 North French Street
Wilmington, DE 19801
(302) 683-8899
ian.liston@delaware.gov

*Attorneys for the State of Delaware*

**ANNE E. LOPEZ**
  ATTORNEY GENERAL OF HAWAIʻI

/s/ Kalikoʻonālani D. Fernandes
David D. Day
  *Special Assistant to the Attorney General*
Kalikoʻonālani D. Fernandes
  *Solicitor General*
Department of the Hawaiʻi Attorney General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
david.d.day@hawaii.gov
kaliko.d.fernandes@hawaii.gov

*Attorneys for the State of Hawaiʻi*

**ANDREA JOY CAMPBELL**
  ATTORNEY GENERAL OF MASSACHUSETTS

/s/ Katherine Dirks
Katherine Dirks
  *Chief State Trial Counsel*
Office of the Massachusetts Attorney General
1 Ashburton Place
Boston, MA 02108
(617) 963-2277
katherine.dirks@mass.gov

*Attorneys for the Commonwealth of
  Massachusetts*

**AARON M. FREY**
  ATTORNEY GENERAL OF MAINE

/s/ Vivian A. Mikhail
Vivian A. Mikhail
  *Deputy Attorney General*
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
(207) 626-8800
vivian.mikhail@maine.gov

*Attorneys for the State of Maine*

**DANA NESSEL**
  ATTORNEY GENERAL OF MICHIGAN

/s/ Neil Giovanatti
Neil Giovanatti
Michael Dittenber
  *Assistant Attorneys General*
Michigan Department of Attorney General
525 W. Ottawa Street
Lansing, MI 48909
(517) 335-7603
GiovanattiN@michigan.gov
DittenberM@michigan.gov

*Attorneys for the People of the State of
  Michigan*

6

**KEITH ELLISON**
  ATTORNEY GENERAL OF MINNESOTA

/s/ Brian S. Carter
Brian S. Carter
  *Special Counsel*
Minnesota Attorney General's Office
445 Minnesota Street
Suite 1400
St. Paul, MN 55101
(651) 757-1010
brian.carter@ag.state.mn.us

*Attorneys for the State of Minnesota*

**AARON D. FORD**
  ATTORNEY GENERAL OF NEVADA

/s/ Heidi Parry Stern
Heidi Parry Stern
  *Solicitor General*
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
hstern@ag.nv.gov

*Attorneys for the State of Nevada*

**RAÚL TORREZ**
  ATTORNEY GENERAL OF NEW MEXICO

/s/ Steven Perfrement
Steven Perfrement
  *Senior Litigation Counsel*
New Mexico Department of Justice
P.O. Drawer 1508
Santa Fe, NM 87504-1508
(505) 490-4060
sperfrement@nmdoj.gov

*Attorneys for the State of New Mexico*

**LETITIA JAMES**
  ATTORNEY GENERAL OF NEW YORK

/s/ Zoe Levine
Zoe Levine
  *Special Counsel for Immigrant Justice*
Julie Dona
  *Special Counsel*
Rabia Muqaddam
  *Special Counsel for Federal Initiatives*
Mark Ladov
  *Special Counsel*
28 Liberty Street
New York, NY 10005
(212) 907-4589
zoe.levine@ag.ny.gov

*Attorneys for the State of New York*

**DAN RAYFIELD**
  ATTORNEY GENERAL OF OREGON

/s/ Thomas H. Castelli
Thomas H. Castelli
  *Senior Assistant Attorney General*
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880
thomas.castelli@doj.oregon.gov

*Attorneys for the State of Oregon*


**NICHOLAS W. BROWN**
  ATTORNEY GENERAL OF WASHINGTON

/s/ Benjamin Seel
Benjamin Seel
Tyler Roberts
Cristina Sepe
Marsha Chien
  *Assistant Attorneys General*
Washington State Office of the Attorney
  General
800 Fifth Avenue
Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
Benjamin.Seel@atg.wa.gov
Tyler.Roberts@atg.wa.gov
Cristina.Sepe@atg.wa.gov
Marsha.Chien@atg.wa.gov

*Attorneys for the State of Washington*

**CHARITY R. CLARK**
  ATTORNEY GENERAL OF VERMONT

/s/ Julio A. Thompson
Julio A. Thompson
  *Assistant Attorney General*
  *Co-Director, Civil Rights Unit*
Officer of the Vermont Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-3657
julio.thompson@vermont.gov

*Attorneys for the State of Vermont*


**JOSHUA L. KAUL**
  ATTORNEY GENERAL OF WISCONSIN

/s/ Frances Reynolds Colbert
Frances Reynolds Colbert
  *Assistant Attorney General*
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 266-9226
frances.colbert@wisdoj.gov

*Attorneys for the State of Wisconsin*

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | State of California et al. v. U.S. Dep't of Transportation, et al. | No. | 1:25-cv-00208-JJM-PAS |

I hereby certify that on <u>May 19, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **PLAINTIFF STATE' RESPONSE TO ORDER TO SHOW CAUSE**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am employed in the Office of the Attorney General of the State of California. My business address is 300 South Spring Street, Suite 1702, Los Angeles, CA 90013-1230, County of Los Angeles. I am familiar with the business practice at the Office of the Attorney General for collection and processing of electronic mail correspondence. My electronic service address is Alfred.Palma@doj.ca.gov. In accordance with that practice, correspondence placed within the electronic mail system of the Office of the Attorney General that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>May 19, 2025</u>, I have electronically served the aforementioned document[s] by emailing them to the following individual[s]:

E-mail: Bethany.Wong@usdoj.gov
*Defendant*

E-mail: Kevin.Hubbart@usdoj.gov
*Defendant*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>May 19, 2025</u>, at Los Angeles, California.

| | |
|---|---|
| Alfred Palma | /s/ Alfred Palma |
| Declarant | Signature |

SF2025302423
POS.docx