UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF ILLINOIS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> FEDERAL EMERGENCY MANAGEMENT AGENCY, *et al.*, <br><br> *Defendants*. | No. 1:25-cv-206-WES-PAS |

**PLAINTIFF STATES' STATUS REPORT AND
REQUEST FOR STATUS CONFERENCE**

Plaintiff States submit this status report to accompany their request for a status conference in this matter, submitted concurrently to the Court by electronic mail.

1. On March 27 and April 18, 2025, defendants promulgated new Department of Homeland Security ("DHS") standard terms and conditions for "all new federal awards … for which the federal award date occurs in FY 2025." ECF 21-5, 21-6. On May 13, 2025, Plaintiff States filed this suit seeking declaratory and injunctive relief against certain new provisions, referred to as the Civil Immigration Conditions. ECF 1. Plaintiff States moved for a preliminary injunction six days later, ECF 20, and the Court entered an expedited briefing schedule and set a hearing for June 17, 2025. Defendants responded to the motion on Friday, June 6, ECF 50, with Plaintiff States' reply currently due on Thursday, June 12.

2. Defendants' response and an accompanying declaration from defendant David Richardson, the senior official performing the duties of the administrator of the Federal Emergency Management Agency ("FEMA"), assert that the Civil Immigration Conditions no longer apply universally, despite their placement in the DHS standard terms and conditions. Richardson states

1

that FEMA has "made a final determination that Immigration Conditions do **_not_** apply to" twelve grant programs administered by FEMA. ECF 50-1 ¶ 14. Richardson does not specify the form that this final determination took or the date when it was made. As of this writing, the standard terms and conditions themselves remain unchanged on the DHS website and do not reflect any diminished scope of application. *See* Dep't of Homeland Sec., *DHS Standard Terms and Conditions*, https://www.dhs.gov/publication/dhs-standard-terms-and-conditions ("Conditions").

3. Given the discussion at the May 20, 2025 status conference, Plaintiff States seek to propose a procedural path that is appropriate for the litigation and the Court, while adequately and timely protecting the rights and interests of Plaintiff States. *See, e.g.*, *Rhode Island Latino Arts v. Nat'l Endowment for the Arts*, _ F. Supp. 3d _, 2025 WL 1009026 (D.R.I. Apr. 3, 2025). Accordingly, Plaintiff States provide this status report to explain why, in their view, a conference with the Court concerning next steps in this litigation would be appropriate in light of defendants' filings. Although Plaintiff States welcome defendants' apparent change in position, and would likewise welcome a resolution that would obviate the need for emergency relief at this time—for instance, by permitting the parties to brief all remaining disputes via cross-motions for summary judgment, as discussed at the May 20, 2025 status conference—defendants' filings do not provide sufficient certainty for Plaintiff States to agree to such a resolution at this time.

4. First, defendants' filings do not provide sufficient certainty as to those programs to which they attest that the Civil Immigration Conditions will *not* apply. Although the Richardson declaration states that FEMA has made a "final determination" that the Conditions will not apply to these programs, ECF 50-1 ¶ 14, as noted, *supra* ¶ 2, the version of the DHS standard terms and conditions posted on DHS's website still contains the Civil Immigration Conditions and states that they will apply to "**_all_** new federal awards of federal financial assistance (federal awards) for which

2

the federal award date occurs in FY 2025." Conditions, *supra*, at 1 (emphasis added). The Richardson declaration does not state that FEMA's "final determination" regarding these programs has been communicated to FEMA program staff to correct the actions that FEMA has already taken to add the Civil Immigration Conditions to these grants. *See* ECF 50-1. For example, after the filing of Plaintiffs' preliminary-injunction motion, in response to an inquiry to FEMA about the applicability of the Civil Immigration Conditions to a disaster relief grant that one Plaintiff State received, FEMA attached the latest fiscal year 2025 standard terms and conditions with all the Civil Immigration Conditions and indicated that they applied to the award. Given the number of grant programs, recipient agencies, and federal and state officials involved in applying for and administering the subject grants, Plaintiff States need, at minimum, certainty that the representations made in the filings are more than just a litigation position. *Cf. Rhode Island Latino Arts*, 2025 WL 1009026, at *4 ("The NEA will not require any applicant for any agency funds to certify their compliance with the EO during this time.").

5. Second, defendants' filings are ambiguous, contradictory, or silent as to whether the challenged conditions will be applied to multiple other grant programs that defendants administer and that are the subject of plaintiffs' complaint and motion for a preliminary injunction. As non-exclusive examples of the ambiguities at issue:

- As to the <u>State Recreational Boating Safety Grant Program</u>, multiple Plaintiff States have pending requests to certify compliance with the Civil Immigration Conditions. Defendants appear to attest that the Civil Immigration Conditions still apply, ECF 50 at 5 n.3, but otherwise do not mention the program in their brief.

- As to the <u>Nonprofit Security Grant Program</u>, the Richardson declaration states that FEMA made a determination that the Civil Immigration Conditions do ***not*** apply, ECF 50-1 ¶ 14, but defendants' brief at one point states that "FEMA ***is*** applying the Immigration Conditions" to it, ECF 50 at 19–20 (emphasis added).

- As to four other preparedness grants, the Richardson declaration states that "DHS is analyzing whether the Immigration Conditions can be applied," ECF 50-1 ¶ 12,

3

but defendants' brief at one point states that "FEMA *is* applying the Immigration Conditions" to them, ECF 50 at 19–20 (emphasis added).

- As to other programs, defendants' filings are silent, and Plaintiff States nonetheless face imminent or expected requests to certify compliance. For instance, as to the BioWatch Program, multiple Plaintiff States were told by DHS on June 4, 2025, that the Civil Immigration Conditions would apply to an imminently forthcoming Notice of Funding Opportunity. Defendants' June 6 filings do not mention this program.

The above examples are not intended to be exhaustive but highlight some of the pressing questions facing Plaintiff States in light of and notwithstanding defendants' recent representations.

6.  If some or all of these issues can be resolved, Plaintiff States would be open to other procedural paths in this matter, including converting the pending preliminary-injunction motion to a motion for summary judgment. Plaintiff States accordingly request a status conference with the Court this week in advance of the current June 12 deadline for their reply brief.

June 8, 2025

**ROB BONTA**
  ATTORNEY GENERAL OF CALIFORNIA

Michael L. Newman
  *Senior Assistant Attorney General*
Joel Marrero
James E. Stanley
  *Supervising Deputy Attorneys General*
Luke Freedman
Newton Knowles
Christopher Medeiros
Alexis Piazza
Deylin Thrift-Viveros
Delbert Tran
  *Deputy Attorneys General*

/s/ Lee I. Sherman
Lee I. Sherman
  *Deputy Attorney General*
California Department of Justice
300 South Spring Street, Suite 1702

Respectfully submitted,

**KWAME RAOUL**
  ATTORNEY GENERAL OF ILLINOIS

/s/ Alex Hemmer
Alex Hemmer
  *Deputy Solicitor General*
Christopher G. Wells
  *Chief of the Public Interest Division*
Darren Kinkead
  *Public Interest Counsel*
R. Sam Horan
Michael M. Tresnowski
R. Henry Weaver
  *Assistant Attorneys General*
Office of the Illinois Attorney General
115 LaSalle Street
Chicago, IL 60603
(773) 590-7932
alex.hemmer@ilag.gov

*Attorneys for the State of Illinois*

4

Los Angeles, CA 90013
(213) 269-6000
lee.sherman@doj.ca.gov

*Attorneys for the State of California*

| | |
|---|---|
| **MATTHEW J. PLATKIN**<br>  ATTORNEY GENERAL OF NEW JERSEY | **PETER F. NERONHA**<br>  ATTORNEY GENERAL OF RHODE ISLAND |
| /s/ Shankar Duraiswamy<br>Shankar Duraiswamy<br>  *Deputy Solicitor General*<br>Mayur P. Saxena<br>  *Assistant Attorney General*<br>Surinder K. Aggarwal<br>Anaiis Gonzalez<br>Christopher J. Ioannou<br>Olivia C. Mendes<br>Phoenix N. Meyers<br>Sarah Nealon<br>Daniel Resler<br>  *Deputy Attorneys General*<br>New Jersey Office of Attorney General<br>25 Market Street, PO Box 093<br>Trenton, NJ 08625-0093<br>(609) 376-2745<br>shankar.duraiswamy@law.njoag.gov<br><br>*Attorneys for the State of New Jersey* | /s/ Keith D. Hoffmann<br>Keith D. Hoffmann (RI Bar No. 9874)<br>  *Chief of Policy*<br>  *Assistant Attorney General*<br>Kathryn M. Sabatini (R.I. Bar No. 8486)<br>  *Chief, Civil Division*<br>  *Special Assistant Attorney General*<br>Paul Meosky (RI Bar No. 10742)<br>  *Special Assistant Attorney General*<br>Rhode Island Attorney General's Office<br>150 South Main Street<br>Providence, RI 02903<br>(401) 274-4400, Ext. 1882<br>khoffmann@riag.ri.gov<br>pmeosky@riag.ri.gov<br><br>*Attorneys for the State of Rhode Island* |

| | |
|---|---|
| **PHILIP J. WEISER**<br>  ATTORNEY GENERAL OF COLORADO | **WILLIAM TONG**<br>  ATTORNEY GENERAL OF CONNECTICUT |
| /s/ David Moskowitz<br>David Moskowitz<br>  *Deputy Solicitor General*<br>Colorado Department of Law<br>1300 Broadway, #10<br>Denver, CO 80203<br>(720) 508-6000<br>david.moskowitz@coag.gov<br><br>*Attorneys for the State of Colorado* | /s/ Ashley Meskill<br>Ashley Meskill<br>  *Assistant Attorney General*<br>Connecticut Office of the Attorney General<br>165 Capitol Avenue<br>Hartford, CT 06106<br>(860) 808-5270<br>ashley.meskill@ct.gov<br><br>*Attorneys for the State of Connecticut* |
| **KATHLEEN JENNINGS**<br>  ATTORNEY GENERAL OF DELAWARE | **ANNE E. LOPEZ**<br>  ATTORNEY GENERAL OF HAWAIʻI |
| /s/ Ian R. Liston<br>Ian R. Liston<br>  *Director of Impact Litigation*<br>Vanessa L. Kassab<br>  *Deputy Attorney General*<br>Delaware Department of Justice<br>820 North French Street<br>Wilmington, DE 19801<br>(302) 683-8899<br>ian.liston@delaware.gov<br><br>*Attorneys for the State of Delaware* | /s/ Kalikoʻonālani D. Fernandes<br>David D. Day<br>  *Special Assistant to the Attorney General*<br>Kalikoʻonālani D. Fernandes<br>  *Solicitor General*<br>Department of the Hawaiʻi Attorney General<br>425 Queen Street<br>Honolulu, HI 96813<br>(808) 586-1360<br>david.d.day@hawaii.gov<br>kaliko.d.fernandes@hawaii.gov<br><br>*Attorneys for the State of Hawaiʻi* |

**AARON M. FREY**
  ATTORNEY GENERAL OF MAINE

/s/ Vivian A. Mikhail
Vivian A. Mikhail
  *Deputy Attorney General*
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
(207) 626-8800
vivian.mikhail@maine.gov

*Attorneys for the State of Maine*

**ANTHONY G. BROWN**
  ATTORNEY GENERAL OF MARYLAND

/s/ James C. Luh
James C. Luh
  *Senior Assistant Attorney General*
Office of the Maryland Attorney General
200 Saint Paul Place
20th Floor
Baltimore, MD 21202
(410) 576-6411
jluh@oag.state.md.us

*Attorneys for the State of Maryland*

**ANDREA JOY CAMPBELL**
  ATTORNEY GENERAL OF MASSACHUSETTS

/s/ Hannah C. Vail
Katherine Dirks
  *Chief State Trial Counsel*
Hannah C. Vail
  *Assistant Attorney General*
Office of the Massachusetts Attorney General
1 Ashburton Place
Boston, MA 02108
(617) 963-2512
katherine.dirks@mass.gov
hannah.vail@mass.gov

*Attorneys for the Commonwealth of Massachusetts*

**DANA NESSEL**
  ATTORNEY GENERAL OF MICHIGAN

/s/ Neil Giovanatti
Neil Giovanatti
Adam de Bear
  *Assistant Attorneys General*
Michigan Department of Attorney General
525 W. Ottawa Street
Lansing, MI 48909
(517) 335-7603
GiovanattiN@michigan.gov
deBearA@michigan.gov

*Attorneys for the People of the State of Michigan*

7

**KEITH ELLISON**
   ATTORNEY GENERAL OF MINNESOTA

/s/ Brian S. Carter
Brian S. Carter
   *Special Counsel*
Minnesota Attorney General's Office
445 Minnesota Street
Suite 1400
St. Paul, MN 55101
(651) 757-1010
brian.carter@ag.state.mn.us

*Attorneys for the State of Minnesota*

**RAÚL TORREZ**
   ATTORNEY GENERAL OF NEW MEXICO

/s/ Steven Perfrement
Steven Perfrement
   *Senior Litigation Counsel*
New Mexico Department of Justice
P.O. Drawer 1508
Santa Fe, NM 87504-1508
(505) 490-4060
sperfrement@nmdoj.gov

*Attorneys for the State of New Mexico*

**AARON D. FORD**
   ATTORNEY GENERAL OF NEVADA

/s/ Heidi Parry Stern
Heidi Parry Stern
   *Solicitor General*
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
hstern@ag.nv.gov

*Attorneys for the State of Nevada*

**LETITIA JAMES**
   ATTORNEY GENERAL OF NEW YORK

/s/ Julie Dona
Julie Dona
   *Special Counsel*
Zoe Levine
   *Special Counsel for Immigrant Justice*
Rabia Muqaddam
   *Special Counsel for Federal Initiatives*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8494
julie.dona@ag.ny.gov

*Attorneys for the State of New York*

**DAN RAYFIELD**
   ATTORNEY GENERAL OF OREGON

/s/ Thomas H. Castelli
Thomas H. Castelli
   *Senior Assistant Attorney General*
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880
thomas.castelli@doj.oregon.gov

*Attorneys for the State of Oregon*

**NICHOLAS W. BROWN**
   ATTORNEY GENERAL OF WASHINGTON

/s/ Tyler Roberts
Tyler Roberts
Benjamin Seel
Cristina Sepe
Marsha Chien
   *Assistant Attorneys General*
Washington State Office of the Attorney
   General
800 Fifth Avenue
Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
Tyler.Roberts@atg.wa.gov
Benjamin.Seel@atg.wa.gov
Cristina.Sepe@atg.wa.gov
Marsha.Chien@atg.wa.gov

*Attorneys for the State of Washington*

**CHARITY R. CLARK**
   ATTORNEY GENERAL OF VERMONT

/s/ Julio A. Thompson
Jonathan T. Rose
   *Solicitor General*
Julio A. Thompson
   *Co-Director, Civil Rights Unit*
Officer of the Vermont Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-5519
julio.thompson@vermont.gov

*Attorneys for the State of Vermont*

**JOSHUA L. KAUL**
   ATTORNEY GENERAL OF WISCONSIN

/s/ Frances Reynolds Colbert
Frances Reynolds Colbert
   *Assistant Attorney General*
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 266-9226
frances.colbert@wisdoj.gov

*Attorneys for the State of Wisconsin*