UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ILLINOIS, *et al.*,

    Plaintiffs,

*v.*

FEDERAL EMERGENCY MANAGEMENT AGENCY, *et al.*,

    Defendants.

Civil Action No.
25-cv-206-WES-PAS

## DECLARATION OF DAVID RICHARDSON

I, David Richardson, declare as follows:

1. I am the Senior Official Performing the Duties of the Administrator at the Federal Emergency Management Agency ("FEMA" or "agency"). FEMA is a component within the U.S. Department for Homeland Security ("DHS"). As the Senior Official Performing the Duties of the FEMA Administrator, I am the DHS official responsible for being the principal advisor to the President and Secretary of Homeland Security ("Secretary") for all matters related to emergency management in the United States. I am also vested with the authority to manage and administer the various grant programs assigned to FEMA directly by statute or through Secretary delegation. In these capacities, I am familiar with the grant programs administered by FEMA and the policies and procedures governing these programs.

2. My statements in this Declaration are based on my personal knowledge, on information provided to me in my official capacity; on reasonable inquiry; information obtained from various records, systems, databases, DHS/FEMA employees; information portals maintained and relied upon by DHS in the regular course of business; and on my evaluation of that information.

3. The Homeland Security Grant Program has long required grant recipients to allocate 30% of State Homeland Security Grants to National Priority Areas. For example, in Fiscal Year 2024, the Homeland Security Grant Program required recipients to allocate 30% of funding for the following National Priority Areas, with 3% specifically allocated to enhancing election

1

security and flexibility as to where to allocate the remaining 27%: 1) enhancing the protection of soft targets/crowded places (no minimum percentage); 2) enhancing information and intelligence sharing and analysis (no minimum percentage); 3) combating domestic violent extremism (no minimum percentage); 4) enhancing cybersecurity (no minimum percentage); 5) enhancing community preparedness and resilience (no minimum percentage); and 6) enhancing election security (minimum 3% of total award). *See* Fiscal Year 2024 Notice of Funding Opportunity, Homeland Security Grant Program, at Section 10(b) (Apr. 16, 2024), *available at* https://www.fema.gov/grants/preparedness/homeland-security/fy-24-nofo.

4. The 2024 NOFO stated, "Failure by a recipient to propose investments and projects that align with the priority areas and spending requirements will result in a recipient having [up to 30% of the funding] placed on hold until they provide projects that sufficiently align to the National Priority Areas . . . ." *Id.*

5. On August 1, 2025, FEMA issued a Notice of Funding Opportunity ("NOFO") for the Fiscal Year 2025 Homeland Security Grant Program. *See* Ex. 1 to Pls.' Opp. Brief, ECF 67-1.

6. In keeping with past practice, the Homeland Security Grant Program NOFO for Fiscal Year 2025 includes the same structure with respect to National Priority Areas. For Fiscal Year 2025, the NOFO requires recipients to allocate 30% of funding to the following five National Priority Areas: 1) enhancing the protection of soft targets and crowded places (no minimum percentage); 2) supporting Homeland Security Task Forces and fusion centers (no minimum percentage); 3) enhancing and integrating cybersecurity resiliency (no minimum percentage); 4) enhancing election security (minimum 3% of total award); and 5) supporting border crisis response and enforcement (minimum 10% of total award). *See* ECF 67-1 at § 3(c)(2) at 13-14.

7. With respect to the 10% allocation to border crisis response and enforcement, the 2025 Homeland Security Grant NOFO provides the following additional explanation and options (*id.* at 18):

> This NPA supports efforts that align with this policy and promote cooperation between local and federal partners. Projects may include, but are not limited to:
>
> o Participation in the DHS/ICE 287(g) program, allowing trained local officers to support ICE with immigration enforcement;
>
> o Cooperation with ICE detainers and other jurisdictional responsibilities related to immigration enforcement; and
>
> o Supportive activities such as officer training, technology and information sharing, operational support, and community engagement.

8. As expressly indicated, applicants do not need to propose plans that include participation in the DHS/ICE 287(g) program in order to receive Homeland Security Grant funding under this NOFO, and the DHS/ICE 287(g) program remains voluntary.

9. Applicants may propose plans, for example, that do not include immigration enforcement activities, but that instead include allocation of the 10% of funding for supportive activities, such as community engagement.

10. As with prior years, the 2025 Homeland Security Grant NOFO states that if proposed projects do not sufficiently align with the National Priority Areas, up to 30% of funds may be placed on hold until revisions are made. ECF 67-1 at 38-39.

11. Accordingly, if an applicant does not propose a plan for use of 10% of funds for one of the general categories offered that support the National Priority Area of border crisis response and enforcement, only 10% of funding will be placed on hold by the Agency as a result of the lack of such proposal. At that time, the applicant will have another opportunity to present a plan within this National Priority Area, such as a project that involves community engagement, that does not present concerns for the applicant.[1]

---

[1] FEMA may still place funding disbursements on hold for reasons separate from the inclusion or exclusion of a plan to allocate 10% of funding to support border crisis response and enforcement. For example, in keeping with recent directives, FEMA is currently conducting a review of all new awards and thus is not providing automatic drawdowns of awarded funding until such review is completed.

3

I, David Richardson, declare under penalty of perjury that the foregoing is true and correct.

Executed on August 12, 2025

_____
David Richardson
Senior Official Performing the Duties of the Administrator
Federal Emergency Management Agency