**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ILLINOIS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL EMERGENCY MANAGEMENT AGENCY, *et al.*, <br><br> Defendants. | Civil Action No. <br> 25-cv-206-WES-PAS |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE OR TO CLARIFY**

Since the Court's September 24, 2025 order entering summary judgment in favor of the Plaintiffs and issuing injunctive relief, Defendants have complied with this Court's order and have not sought to enforce the Contested Conditions as part of the Agency's grant programs. However, recognizing that the Agency may choose to appeal this Court's order, Defendants have sought to preserve their ability to enforce the Contested Conditions with respect to certain grant programs, in the event that this Court's order is later stayed or vacated on appeal. The Agency has preserved this option by providing the grant recipients with notice of the Contested Conditions – including through the article titled "Compliance with Federal Immigration Law" that Plaintiffs reference – and by making clear that the Agency intends to enforce the Contested Conditions if, *and only if*, a court later determines on appeal that it is within the Agency's lawful authority to do so. The awards for which the Agency would enforce the Contested Conditions if this Court's order is vacated include the following (or substantially similar) language in the Agreement Articles of the award documents:

> **Impact of State of Illinois v. FEMA Injunction** Pursuant to the memorandum and order issued on September 24, 2025, in State of Illinois, et al. v. Federal Emergency Management Agency, et. al, No.

1

> 25-206 (D.R.I.), **the following terms and conditions do not apply to awards or subawards issued to any of the plaintiffs subject to the injunction order while the order remains in effect**: (1) paragraph C.IX (Communication and Cooperation with the Department of Homeland Security and Immigration Officials) of the DHS Standard Terms and Conditions and the Agreement Article titled "Communication and Cooperation with the Department of Homeland Security and Immigration Officials" in this award package; (2) paragraph C.XVII(2)(a)(iii) (Anti-Discrimination Grant Award Certification regarding immigration) of the DHS Standard Terms and Conditions and paragraph (2)(a)(iii) of the Agreement Article titled "Anti-Discrimination" in this award package; and (3) the "Compliance with Federal Immigration Law" Agreement Article. If the injunction is stayed, vacated, or extinguished, the "Compliance with Federal Immigration Law" Agreement Article will immediately become effective.

See Declaration of David Arnold, Acting Deputy Administrator for Resilience at FEMA ("Arnold Decl.") at ¶ 4 (emphasis added).

Although Plaintiffs highlight the certification requirement within the Compliance with Federal Immigration Law article, as expressly stated above, the Compliance with Federal Immigration Law article is not currently in effect and there is no requirement to certify compliance with the Contested Conditions unless and until this Court's September 24, 2025 order is vacated. See Arnold Decl. at 5. Thus, based on the plain language of the award documents, Plaintiffs are not currently required to certify compliance with any of the Contested Conditions. Id. In addition, if this Court's order is vacated and the Contested Conditions become effective, grant recipients would then be given the opportunity to either submit the required certification or, if a recipient chooses not to submit the certification or comply with the Contested Conditions, DHS may take any remedy for noncompliance, including termination. Id. at 6.

Plaintiffs ask the Court to go beyond its current order and rule that if an appellate court finds that the Agency can lawfully impose the Contested Conditions, the Agency should be prevented from having any mechanism in place to enforce a lawful requirement. That cannot be

appropriate relief. In such a circumstance, a court will have ruled that the Agency may lawfully enforce the Contested Conditions. Plaintiffs should not be allowed to prevent lawful enforcement at that point by anticipatorily preventing inclusion of the conditions within the grant terms. If a grant recipient at that point chooses not to agree to, or comply with, the Contested Conditions, they will have that choice, and Defendants may then take any remedy for noncompliance, including termination. But at that point, the lawfulness of the conditions will have been decided, and there should be no additional barrier to enforcement. *See, e.g.*, Judgment and Order; Amended Judgment and Order; Motion to Alter or Amend Judgment and Order; and Transcript of October 26, 2018 Proceedings, *State of California ex rel. Xavier Becerra v. Sessions*, No. 17-cv-04701-WHO, Dkt. Nos. 138, 139, 148, and 154 (Oct. 5, 12, 20, and 29, 2018 N.D. Cal.), attached as Exhibit A (highlighting added) (modifying a permanent injunction against the government regarding grant conditions to permit the agency to include the challenged conditions within grant documents so as to allow the agency to enforce the conditions if successful on appeal. The modification required awards be issued "without enforcement of the enjoined conditions" rather than "without the enjoined conditions.")

Thus, Plaintiffs' request for relief is quintessentially unripe, as it seeks an order to prevent an action that would only occur if this Court's order is later vacated. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998); *see also City of Fall River v. Fed. Energy Regulatory Comm'n*, 507 F.3d 1, 6 (1st Cir. 2007). Plaintiffs cite nothing that indicates that the Agency is currently enforcing the Contested Conditions in violation of this Court's order, and instead their filing only confirms that the Agency is expressly following this Court's order and preserving its ability to act should the Court's order change after the Agency

exercises its right to appeal. If this Court's order is unchanged after all appeal rights are exhausted, the current status will persist consistent with the Court's injunction.

While the Agency's position remains that it has the lawful authority to enforce the Contested Conditions in this case, it has respected and followed this Court's order, and it should not be punished if it chooses to pursue its appellate rights and preserve its ability to enforce the conditions if an appellate court later rules in the Agency's favor.

Dated: October 10, 2025

Respectfully submitted,

FEDERAL EMERGENCY MANAGEMENT AGENCY; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES COAST GUARD; DAVID RICHARDSON, in his official capacity as Senior Official Performing the Duties of the Administrator of the Federal Emergency Management Agency; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; and KEVIN E. LUNDAY, in his official capacity as Acting Commandant of the U.S. Coast Guard,

By their Attorneys,

SARA MIRON BLOOM
Acting United States Attorney

*/s/ Bethany N. Wong*
BETHANY N. WONG
Assistant United States Attorney
One Financial Plaza, 17th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5001 (Fax)
Email: Bethany.Wong@usdoj.gov

## CERTIFICATION OF SERVICE

I hereby certify that on October 10, 2025, I electronically filed the foregoing and it is available for viewing and downloading from the Court's CM/ECF system, and that the

participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

/s/ *Bethany N. Wong*
Bethany N. Wong
Assistant United States Attorney