```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND


_____
                                   )
STATE OF ILLINOIS, et al.,         )
                                   )
          Plaintiffs,              )
                                   )
     v.                            )    C.A. No. 25-206 WES
                                   )
FEDERAL EMERGENCY MANAGEMENT       )
AGENCY, et al.,                    )
                                   )
                                   )
          Defendants.              )
_____)
```

**ORDER**

WILLIAM E. SMITH, Senior District Judge.

In its September 24 Memorandum and Order, the Court vacated and set aside several "contested conditions" — which required state and local recipients of grants overseen by the Department of Homeland Security ("DHS") to assist in federal immigration enforcement — and permanently enjoined Defendants from enforcing the conditions against Plaintiff States. Mem. & Order 41-45, Dkt. No. 71.

Despite the Court's order, Defendants have now inserted the contested conditions into Plaintiff States' award letters for DHS grants, along with statements promising that "[i]f the injunction is stayed, vacated, or extinguished, the [contested conditions] will immediately become effective." See Pl. States' Mot. Enforce J. or, in Alt., Clarify Scope Inj. ("Pls.' Mot.") Ex. 4, at 36,

Dkt. No. 73-4.  To accept these awards, Plaintiff States must therefore agree to comply with the contested conditions subject to a condition precedent, i.e., a stay of the Court's injunction and, presumably — though the award letters fail to mention it — vacatur of the contested conditions under the Administrative Procedure Act ("APA").  See id. at 2, 36.

In effect, Defendants have done precisely what the Memorandum and Order forbids, which is requiring Plaintiff States to agree to assist in federal immigration enforcement or else forgo the award of DHS grants.  The fig leaf conditional nature of the requirement makes little difference.  No matter how confident Defendants may be of their chances on appeal, at present, the contested conditions are unlawful.  Plaintiff States therefore have a right to accept the awards without regard to the contested conditions.  Defendants' new condition is not a good faith effort to comply with the order; it is a ham-handed attempt to bully the states into making promises they have no obligation to make at the risk of losing critical disaster and other funding already appropriated by Congress.

Accordingly, the Court orders the following:

1. The "contested conditions" are defined in the Court's September 24 Memorandum and Order.  Mem. & Order 4-6, Dkt. No. 71.

2. The contested conditions and all award articles titled "Compliance with Federal Immigration Law" are set aside and vacated pursuant to 5 U.S.C. § 706(2).

3. Defendants are permanently enjoined from enforcing against Plaintiff States and their instrumentalities and subdivisions: (a) the contested conditions, (b) the "Compliance with Federal Immigration Law" award articles, and (c) any materially similar term requiring cooperation with federal immigration enforcement as a condition on federal funds.

4. Within seven days of the date of this Order, defendants shall amend all award documents that they have issued to Plaintiff States and their instrumentalities and subdivisions to remove all "Compliance with Federal Immigration Law" articles and reissue the amended award documents.

5. Within seven days of the date of this Order, defendants shall amend all award documents that they have issued to Plaintiff States and their instrumentalities and subdivisions to remove all instances of the following sentence, or its material equivalents: "If the injunction is stayed, vacated, or extinguished, the 'Compliance with Federal Immigration Law' Agreement Article will immediately become effective," and reissue the amended award documents.

6. No part of the relief here ordered is inconsistent with or in any way more limited than the relief ordered on September 24, 2025.

IT IS SO ORDERED.

_____

William E. Smith
Senior District Judge
Date: October 14, 2025