# Ex. 2

U.S. Department of Homeland Security
Washington, DC 20472



# Grant Programs Directorate Information Bulletin
# No. 538

### October 21, 2025

**MEMORANDUM FOR**: Plaintiff States in *State of Illinois, et al. v. FEMA, et al.*, No. 25-206 (D. R.I.)

**FROM**: David R. Arnold
Acting Deputy Administrator for
Resilience

**SUBJECT**: **Compliance with Court Order in *State of Illinois, et al. v. FEMA, et al.*, No. 25-206 (D. R.I.) – Amendment of Grant Award Terms and Conditions**

## I. Purpose and Applicability:

This Information Bulletin (IB) serves to notify the 21 Plaintiff States in *State of Illinois, et al. v. FEMA, et al.*, No. 25-206 (D. R.I.) that FEMA is amending grant awards under the grant programs identified in Appendix A to comply with the U.S. District Court for the District of Rhode Island's Order issued on October 14, 2025 (attached). FEMA is issuing this IB in compliance with the Court's Order.

## II. Background

On October 14, 2025, the U.S. District Court for the District of Rhode Island issued the Order included in Appendix C that, among other things, requires the Department of Homeland Security and Federal Emergency Management Agency to:

- Amend all award documents that they have issued to Plaintiff States and their instrumentalities and subdivisions to remove all "Compliance with Federal Immigration Law" articles and reissue the amended award documents.
- Amend all award documents that they have issued to Plaintiff States and their instrumentalities and subdivisions to remove all instances of the following sentence, or its material equivalents: "If the injunction is stayed, vacated, or extinguished, the 'Compliance with Federal Immigration Law' Agreement Article will immediately become effective," and reissue the amended award documents.

## III. Grant Award Amendments

Effective immediately and as required by the Court's October 14, 2025 Order, FEMA is amending all grant awards under the programs identified in Appendix A issued to the recipients

identified in Appendix B by rescinding the following terms and conditions:

1. Paragraph C.IX (Communication and Cooperation with the Department of Homeland Security and Immigration Officials) of the DHS Standard Terms and Conditions;
2. Paragraph C.XVII(2)(a)(iii) (Anti-Discrimination Grant Award Certification regarding immigration) of the DHS Standard Terms and Conditions;
3. The "Communication and Cooperation with the Department of Homeland Security and Immigration Officials" Agreement Article;
4. Paragraph (2)(a)(iii) of the Agreement Article titled "Anti-Discrimination";
5. All Agreement Articles that contain "Compliance with Federal Immigration Law" in the title;
6. All Agreement Articles that contain "Impact of State of Illinois v. FEMA Injunction" in the title;
7. All Agreement Articles that contain "Impact of San Francisco v. Trump Preliminary Injunction" in the title.

Due to the current lapse in federal funding, FEMA is unable to actively manage the FEMA Grants Outcomes (FEMA GO) grants management system. However, FEMA will confirm these amendments in the award file for each impacted award in the FEMA GO system once the lapse in funding is resolved.

**Appendix A: Applicable Grant Programs**

This Information Bulletin applies to the following Fiscal Year 2025 Grant Programs:

- Homeland Security Grant Program: State Homeland Security Program and Urban Area Security Initiative
- Emergency Management Performance Grant Program
- Port Security Grant Program
- Transit Security Grant Program
- Targeted Violence and Terrorism Prevention Grant Program
- Regional Catastrophic Preparedness Grant Program

**Appendix B: Recipients**

This Information Bulletin applies to the following grant recipients:

**Table 1: Emergency Management Performance Grant Recipients**

| Plaintiff State |
| --- |
| California |
| Colorado |
| Connecticut |
| Delaware |
| District of Columbia |
| Hawaii |
| Illinois |
| Maine |
| Maryland |
| Massachusetts |
| Michigan |
| Minnesota |
| Nevada |
| New Jersey |
| New Mexico |
| New York |
| Oregon |
| Rhode Island |
| Vermont |
| Washington |
| Wisconsin |

**Table 2: Homeland Security Grant Program Recipients**

| Plaintiff State |
| --- |
| California |
| Colorado |
| Connecticut |
| Delaware |
| District of Columbia |
| Hawaii |
| Illinois |
| Maine |
| Maryland |
| Massachusetts |
| Michigan |
| Minnesota |
| Nevada |
| New Jersey |
| New Mexico |
| New York |

|  |
|---|
| Oregon |
| Rhode Island |
| Vermont |
| Washington |
| Wisconsin |

**Table 3: Port Security Grant Program Recipients**

| Plaintiff State | Recipient |
|---|---|
| California | City of Long Beach - Harbor Department |
| California | City of Los Angeles |
| California | Harbor Department (Los Angeles-Long Beach) |
| California | Los Angeles Fire Department |
| California | Oxnard Harbor District |
| California | San Diego Unified Port District |
| California | City & County of San Francisco |
| California | City of Oakland |
| California | City of South San Francisco - Fire Department |
| California | County of Sacramento |
| California | Port Department of the City of Oakland |
| California | Port of Redwood City |
| Connecticut | City of New Haven |
| Connecticut | City of Stamford |
| Connecticut | Department of Emergency Services and Public Protection (DESPP) |
| Connecticut | Guilford Fire Department |
| Connecticut | Mystic Fire Department |
| Connecticut | Town of Fairfield |
| Delaware | Delaware River & Bay Authority |
| Delaware | Safety & Homeland Security Department of Delaware |
| Delaware | State of Delaware, DNREC |
| Illinois | City of Evanston |
| Illinois | Department of Natural Resources Illinois |
| Illinois | America's Central Port District |
| Illinois | Columbia Fire Protection District |
| Maryland | Baltimore City Fire Department |
| Maryland | Maryland Department of State Police |
| Maryland | Maryland Department of Transportation State Highway Administration |

| | |
|---|---|
| Maryland | Mayor and City Council of Baltimore |
| Maryland | State of Maryland Department of Natural Resources |
| Massachusetts | Boston Police Department |
| Massachusetts | Boston, City of |
| Massachusetts | Salem Police Department |
| Massachusetts | State Police Department |
| Massachusetts | Town of Duxbury Massachusetts |
| Massachusetts | Town of Essex |
| Massachusetts | Town of Hingham |
| Massachusetts | Town of Plymouth |
| Michigan | State of Michigan |
| Minnesota | Saint Louis County Administration Building |
| Minnesota | City of Saint Paul |
| Minnesota | County of Washington |
| New Jersey | Cherry Hill Fire District |
| New Jersey | City of Camden |
| New Jersey | Delaware River Port Authority PA/NJ |
| New Jersey | Law & Public Safety, New Jersey Department of |
| New Jersey | South Jersey Port Corporation |
| New Jersey | Borough of Carteret |
| New Jersey | City of Bayonne |
| New Jersey | City of Linden |
| New Jersey | North Hudson Regional Fire & Rescue |
| New Jersey | Perth Amboy, City of Inc. |
| New York | County of Suffolk |
| New York | Suffolk, County of PD |
| New York | City of New Rochelle |
| New York | City of Peekskill |
| New York | County of Nassau |
| New York | County of Orange |
| New York | County of Rockland |
| New York | Department of Environmental Conservation New York |
| New York | Dutchess County Sheriff's Office |
| New York | New York State Bridge Authority |
| New York | New York State Division of Military & Naval Affairs |

| | |
|---|---|
| New York | New York State Police |
| New York | Palisades Interstate Park Commission |
| New York | The Port Authority of New York and New Jersey |
| New York | Town of Secaucus |
| Oregon | Port of Astoria |
| Rhode Island | Rhode Island Emergency Management Agency |
| Washington | Port of Vancouver |
| Washington | City of Seattle (Fire Department) |
| Washington | Fish & Wildlife, Washington State Department of |
| Washington | Port Angeles Port of |
| Washington | Seattle Police Department |
| Wisconsin | County of Racine |
| Wisconsin | County of St Croix |

**Table 4: Regional Catastrophic Preparedness Grant Program Recipients**

| Plaintiff State |
|---|
| California |
| Colorado |

**Table 5: Transit Security Grant Program Recipients**

| Plaintiff State | Recipient |
|---|---|
| California | San Francisco Municipal Railway (MUNI) |
| California | San Francisco Bay Area Rapid Transit District (BART) |
| California | San Diego Metropolitan Transit System (MTS) |
| California | Alameda Contra Costa Transit District (AC Transit) |
| California | Orange County Transportation Authority (OCTA) |
| Colorado | Denver Regional Transportation District |
| Connecticut | Connecticut Department of Transportation |
| District of Columbia | Washington Metropolitan Area Transit Authority |
| Illinois | Chicago Transit Authority (CTA) |
| Illinois | Northeast Illinois Commuter Railroad Corporation (METRA) |
| Maryland | Maryland Transit Administration (MD MTA) |
| Massachusetts | Massachusetts Bay Transportation Authority (MBTA) |
| Nevada | Regional Transportation Commission of Southern Nevada |
| New Jersey | New Jersey Transit Corporation |
| New Jersey | Port Authority of NY & NJ (PANNYNJ) |

**Appendix C: U.S. District Court for the District of Rhode Island Oct. 14, 2025, Court Order**

Case 1:25-cv-00206-WES-PAS Document 75 Filed 10/14/25

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| STATE OF ILLINOIS, et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | C.A. No. 25-206 WES |
| FEDERAL EMERGENCY MANAGEMENT AGENCY, et al., | ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

WILLIAM E. SMITH, Senior District Judge.

    In its September 24 Memorandum and Order, the Court vacated and set aside several "contested conditions" — which required state and local recipients of grants overseen by the Department of Homeland Security ("DHS") to assist in federal immigration enforcement — and permanently enjoined Defendants from enforcing the conditions against Plaintiff States. Mem. & Order 41-45, Dkt. No. 71.

    Despite the Court's order, Defendants have now inserted the contested conditions into Plaintiff States' award letters for DHS grants, along with statements promising that "[i]f the injunction is stayed, vacated, or extinguished, the [contested conditions] will immediately become effective." See Pl. States' Mot. Enforce J. or, in Alt., Clarify Scope Inj. ("Pls.' Mot.") Ex. 4, at 36, Dkt. No. 73-4. To accept these awards, Plaintiff States must therefore agree to comply with the contested conditions subject to a condition precedent, i.e., a stay of the Court's injunction and, presumably — though the award letters fail to mention it — vacatur of the contested conditions under the Administrative Procedure Act ("APA"). See id. at 2, 36.

    In effect, Defendants have done precisely what the Memorandum and Order forbids, which is requiring Plaintiff States to agree to assist in federal immigration enforcement or else forgo the award of DHS grants. The fig leaf conditional nature of the requirement makes little difference. No matter how confident Defendants may be of their chances on appeal, at present, the contested conditions are unlawful. Plaintiff States therefore have a right to accept the awards without regard to the contested conditions. Defendants' new condition is not a good faith effort to comply with the order; it is a ham-

handed attempt to bully the states into making promises they have no obligation to make at the risk of losing critical disaster and other funding already appropriated by Congress.

Accordingly, the Court orders the following:

1. The "contested conditions" are defined in the Court's September 24 Memorandum and Order. Mem. & Order 4-6, Dkt. No. 71.

2. The contested conditions and all award articles titled "Compliance with Federal Immigration Law" are set aside and vacated pursuant to 5 U.S.C. § 706(2).

3. Defendants are permanently enjoined from enforcing against Plaintiff States and their instrumentalities and subdivisions: (a) the contested conditions, (b) the "Compliance with Federal Immigration Law" award articles, and (c) any materially similar term requiring cooperation with federal immigration enforcement as a condition on federal funds.

4. Within seven days of the date of this Order, defendants shall amend all award documents that they have issued to Plaintiff States and their instrumentalities and subdivisions to remove all "Compliance with Federal Immigration Law" articles and reissue the amended award documents.

5. Within seven days of the date of this Order, defendants shall amend all award documents that they have issued to Plaintiff States and their instrumentalities and subdivisions to remove all instances of the following sentence, or its material equivalents: "If the injunction is stayed, vacated, or extinguished, the 'Compliance with Federal Immigration Law' Agreement Article will immediately become effective," and reissue the amended award documents.

6. No part of the relief here ordered is inconsistent with or in any way more limited than the relief ordered on September 24, 2025.

IT IS SO ORDERED.

_/s/ William E. Smith_

William E. Smith
Senior District Judge
Date: October 14, 2025