**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| STATE OF ILLINOIS, *et al.*,<br>*Plaintiffs*,<br>v.<br>FEDERAL EMERGENCY MANAGEMENT AGENCY, *et al.*,<br>*Defendants.* | Case No. 1:25-cv-00206-MSM-RLA<br>Hon. Mary S. McElroy |

**PLAINTIFF STATES' REPLY IN SUPPORT OF SECOND MOTION TO ENFORCE**

In 2025, this Court enjoined defendants from conditioning Plaintiff States' access to vital emergency preparedness funding on their agreement to assist in enforcing federal immigration law. Given defendants' repeated efforts to impose the challenged conditions, the Court issued a specific injunction: DHS and FEMA could no longer impose the "contested conditions" or "any materially similar term requiring cooperation with federal immigration enforcement as a condition on federal funds." ECF 75 at 2–3. And the injunction was permanent and forward-looking, regulating the agency's conduct without temporal limit, including future agency actions in future years.

Despite this injunction, in 2026, DHS and FEMA did exactly what the Court said not to. For nine Fiscal Year 2026 grant programs, the agencies once again placed immigration conditions in the grant award documents. ECF 83-4 at 2. Plaintiff States promptly filed a motion with this Court seeking to enforce this Court's injunction. ECF 83.

In opposing enforcement, defendants do not dispute that they have once again conditioned critical funding on States' assisting with DHS's immigration enforcement agenda. They do not even dispute that five of the conditions they have imposed on 2026 funds are *identical* to the immigration-cooperation conditions that the Court enjoined last year. Instead, defendants argue

that their 2026 imposition of nearly identical immigration conditions falls outside the scope of this Court's injunction because the 2026 conditions resulted from "a new administrative process on a separate administrative record." ECF 87 at 8. But this is a distinction without a difference—defendants' new agency action in 2026 resulted in the same outcome that the Court enjoined in 2025, the imposition of immigration-cooperation conditions. The permanent injunction forbids imposing such conditions on Plaintiff States, and the Court should grant the motion to enforce.

## ARGUMENT

### I. The Permanent Injunction Applies to Future Agency Actions in Future Years.

DHS and FEMA misunderstand the nature of a permanent injunction. Defendants' opposition primarily argues that if a "different agency action" is at issue, then a prior permanent injunction is no longer "binding." ECF 87 at 9. Instead, they believe, only "[t]he Court's reasoning concerning the FY2025 conditions" survives into future years. *Id.* In a similar vein, they contend that the Court's injunction did not effect a "categorical prohibition on future immigration-related grant conditions." *Id.* at 12. Defendants' position appears to be that permanent injunctions do not bind federal agencies in any meaningful way because agencies can always act anew.

Defendants are wrong. The "very nature" of a permanent injunction is the "the regulation of future conduct." *Comfort v. Lynn Sch. Comm.*, 560 F.3d 22, 28 (1st Cir. 2009). Nothing in the text of this Court's injunction limited its application to only Fiscal Year 2025 grant programs. On the contrary, the Court "*permanently*" enjoined defendants from enforcing "the contested conditions," ECF 75 at 3 ¶ 3 (emphasis added), and defined the "contested conditions" by reference to the substance of the terms, not a specific fiscal year, *id.* at 2 ¶ 1; *Illinois v. FEMA*, 801 F. Supp. 3d 75, 82 (D.R.I. 2025). That "injunction [must] be followed upon pain of contempt until modified or

vacated." *Sindi v. El-Moslimany*, 896 F.3d 1, 32 (1st Cir. 2018). The mere fact that a year has passed since the injunction was entered does not allow defendants to ignore it.

Federal agencies do not enjoy a unique exemption from the normal effect of a permanent injunction. Defendants argue that because the FY 2026 Immigration Conditions result from a "new administrative process," with a "separate administrative record," the 2025 injunction does not apply. ECF 87 at 8–9. Similarly, they repeatedly note that the imposition of the Conditions in 2026 is a distinct "agency action" from the action at issue in 2025. *Id.* at 8–11, 14. But new agency action does not excuse an agency from compliance with court orders that remain in force. *See, e.g.*, *Texas v. United States*, 691 F. Supp. 3d 763, 796 (S.D. Tex. 2023) (holding that DHS's 2022 final rule was barred by an injunction against a similar 2012 DHS action, where "the substantive portions are materially the same"), *aff'd in part, modified in part*, 126 F.4th 392 (5th Cir. 2025).

Indeed, DHS and FEMA have conceded as much in recognizing that numerous *other* injunctions issued in disputes over Fiscal Year 2025 funding constrain which conditions they may impose on Fiscal Year 2026 awards. The same document that effectuates FEMA's decision to apply the FY 2026 Immigration Conditions to the selected grant programs expressly states that multiple *other* injunctions issued last year *do* apply to FY 2026 programs. *See* ECF 83-4 at 6–8 (recognizing the validity of injunctions entered in four different cases challenging FY 2025 terms). The Department of Justice has also recognized the preclusive effect of prior injunctions in the specific context of immigration-cooperation conditions; indeed, the Department has taken the position that multiple other injunctions, including some entered in cases filed almost a decade ago, continue to bind its ability to impose such conditions today. *See* U.S. Dep't of Justice, Off. of Justice Programs, *Legal Notices* (identifying injunctions entered in cases filed in 2017, 2018, and 2019 as binding

on the Department);[1] *see also* Defs' Cross-Mot. for Summary Judgment at 11, *New Jersey v. U.S. Dep't of Justice*, 1:25-cv-404 (D.R.I.) (Ex. 1) (recognizing that certain conditions "cannot be enforced" while an injunction entered in 2022 "remains in place"). Defendants provide no contrary authority holding that a new agency action excuses conduct subject to a permanent injunction.

In any event, the 2026 administrative process ended up exactly where the 2025 process did, with a set of largely identical immigration-cooperation conditions in award documents. The Court's injunction bars the imposition of such conditions, without exception. ECF 75 at 3. Nothing in the text of the injunction allows the imposition of the barred conditions if they resulted from a different administrative process. To be sure, one basis of the Court's injunction was that DHS's 2025 process was "wholly under-reasoned and arbitrary." *FEMA*, 801 F. Supp. 3d at 93. But the Court did not direct defendants to go back and conduct additional analysis in order to justify the challenged conditions; instead, it enjoined defendants from imposing the same set of conditions in the future. ECF 75. Furthermore, the Court's injunction rested on a second basis, which defendants do not (and cannot) argue they have cured: The challenged conditions violated the Spending Clause, both because they were not "reasonably related to the purposes of the grants to which they attach" and because they were "unlawfully ambiguous." *FEMA*, 801 F. Supp. 3d at 96. Defendants advance no serious argument that the 2026 administrative process has cured either of those legal errors.

DHS and FEMA may disagree with the permanent nature of the Court's injunction and perhaps would prefer an injunction with a time limit or a restriction to the specific administrative process conducted in 2025. But defendants had the opportunity to raise such objections when they appealed the injunction. *See Illinois v. FEMA*, No. 25-2131 (1st Cir.). They chose not to and instead

[1] https://www.ojp.gov/funding/explore/legal-notices (last updated Oct. 21, 2026).

voluntarily dismissed the appeal. ECF 81. Accordingly, the terms of the injunction are not subject to further review and cannot be collaterally attacked at this late stage. *See G. & C. Merriam Co. v. Webster Dictionary Co.*, 639 F.2d 29, 34 (1st Cir. 1980) ("Ordinarily the validity and terms of an injunction are not reviewable in contempt proceedings. They may be challenged only on appeal in the original proceeding and not by collateral attack.") (citation omitted).

## II. The FY 2026 Conditions Are Materially Similar to the FY 2025 Conditions.

Defendants also argue, in the alternative, that the new FY 2026 Conditions are not "materially similar" to the FY2025 Conditions and therefore not covered by the text of the Court's injunction. ECF 87 at 11–16. Defendants cannot dispute that five of the eight FY 2026 Immigration Conditions are *identical* to their FY 2025 counterparts. *See* ECF 83 at 7–8. Where any language differs, the relevant question, as defined by the injunction, is whether the new terms once again "requir[e] cooperation with federal immigration enforcement as a condition on federal funds." ECF 75 at 3 ¶ 3. All of the FY 2026 Immigration Conditions, including the Fusion Center Condition, fail this test and violate the injunction.

As an initial matter, however, defendants contend that even the identical conditions are not "materially similar" because the imposition of immigration conditions is now "program specific," rather than applicable to all DHS programs. ECF 87 at 12–13. No language in the Court's order supports this reading of the phrase "materially similar." The injunction bars defendants from imposing "any" term that requires cooperation with federal immigration enforcement "as a condition on federal funds" without reference to number of programs or amount of funds subject to the conditions. ECF 75 at 2–3. The Court was forced to enter this broad injunction precisely because DHS and FEMA had, mere days after the Court's judgment, once again attempted to "require[e] Plaintiff States to agree to assist in federal immigration enforcement or else forgo the

award of DHS grants." *Id.* at 2. The Court accordingly imposed a broad, prophylactic injunction in light of defendants' own "ham-handed attempt to bully the states." *Id.*

Defendants also argue that three terms with new language in 2026 are not "materially similar" to last year's conditions. *See* ECF 87 at 13–15. But the new language still "requir[es] cooperation with federal immigration enforcement as a condition on federal funds," ECF 75 at 3, and so violates the permanent injunction.

First, as to the Benefits Condition, defendants argue the new condition "narrows" the condition, as FEMA now defines "any program that benefits illegal immigrants" with the additional phrase "direct financial support or public benefits to illegal immigrants." ECF 87 at 14. This is not a material change. The 2026 term, just like the 2025 term, attaches a funding condition tied to the current administration's immigration enforcement agenda. *See, e.g.*, Exec. Order No. 14218, § 2(a), 90 Fed. Reg. 10581, 10581 (Feb. 19, 2025). The revised term still does not "define what compliance entails," *FEMA*, 801 F. Supp. 3d at 96, including by defining the key term "public benefits." The FY 2026 Benefits Condition is materially similar to the condition this Court enjoined last year, and defendants are barred from imposing it again.

Second, as to the Cooperation Condition, defendants argue the new term replaces the general direction to "honor requests for cooperation" with "more specific descriptions of the information and detention-related cooperation at issue." ECF 87 at 13. But this argument *concedes* that this term still requires "cooperation," and the injunction plainly prohibits terms that require "cooperation with federal immigration enforcement as a condition on federal funds." ECF 75 at 3. The added specifics in the FY 2026 Cooperation Condition do not materially change the substance of the condition. For instance, the FY 2025 Cooperation Condition required states to "honor . . . requests for short term detention of an alien pursuant to a valid detainer," while the 2026 version

requires states to "honor . . . requests for short-term detention *of not more than 48 hours* of an alien pursuant to a valid detainer *to allow DHS to assume custody*." ECF 83-3 at 6 (emphasis added). But the legal violations were based on the *fact* that the federal government required this kind of cooperation, not the specific *duration* of cooperation required. Thus, the FY 2026 Cooperation Condition falls squarely within the scope of the injunction and cannot be reimposed.

Third, defendants argue that the Fusion Center Condition does not fall within the injunction because it is "not properly treated as a repackaged FY2025 Standard Term already adjudicated by the Court." ECF 87 at 15. But the Court did not enjoin only identical terms; it enjoined "materially similar" terms, too. The Fusion Center Condition plainly requires specific *kinds* of cooperation, such as "formal coordination" with the federal "Homeland Security Task Force[s]," which were created with the express goal of enforcing immigration law. The amended version of this Condition that defendants attach *still* includes this coordination requirement, including an express citation to the Executive Order titled "Protecting the American People Against Invasion." ECF 87-2 at 2 (citing Exec. Order No. 14159, 90 Fed. Reg. 8443 (Jan. 20, 2025)). Defendants cannot evade the injunction's general restriction on immigration-cooperation conditions by simply requiring more specific kinds of cooperation.

**CONCLUSION**

Plaintiff States accordingly request the Court grant their Second Motion to Enforce, ECF 83, and grant the relief they request at pp. 12–13 of that Motion.

October 27, 2026

ROB BONTA
ATTORNEY GENERAL OF CALIFORNIA

Michael L. Newman
*Senior Assistant Attorney General*
Lee I. Sherman
James E. Stanley
*Supervising Deputy Attorneys General*
Jesse Basbaum
Lisa C. Ehrlich
Deylin Thrift-Viveros
*Deputy Attorneys General*

/s/ Del Tran
Del Tran
*Deputy Attorney General*
California Department of Justice
455 Golden Gate Ave.
San Francisco, CA 94102
(415) 229-0110
delbert.tran@doj.ca.gov

*Attorneys for the State of California*

Respectfully submitted,

KWAME RAOUL
ATTORNEY GENERAL OF ILLINOIS

/s/ Alex Hemmer
Alex Hemmer
*Deputy Solicitor General*
R. Henry Weaver
*Public Interest Counsel*
Michael M. Tresnowski
*Assistant Attorney General*
Office of the Illinois Attorney General
115 LaSalle Street
Chicago, IL 60603
(773) 590-7932
alex.hemmer@ilag.gov

*Attorneys for the State of Illinois*

**JENNIFER L. DAVENPORT**
ATTORNEY GENERAL OF NEW JERSEY

/s/ Shankar Duraiswamy
Shankar Duraiswamy
*Deputy Solicitor General*
Mayur P. Saxena
*Assistant Attorney General*
Surinder K. Aggarwal
Anaiis Gonzalez
Phoenix N. Meyers
Sarah Nealon
Daniel Resler
*Deputy Attorneys General*
New Jersey Office of Attorney General
25 Market Street, PO Box 093
Trenton, NJ 08625-0093
(609) 376-2745
shankar.duraiswamy@law.njoag.gov

*Attorneys for the State of New Jersey*

**PETER F. NERONHA**
ATTORNEY GENERAL OF RHODE ISLAND

/s/ Kathryn M. Sabatini
Kathryn M. Sabatini (R.I. Bar No. 8486)
*Chief, Civil Division*
*Special Assistant Attorney General*
Paul Meosky (RI Bar No. 10742)
*Special Assistant Attorney General*
Rhode Island Attorney General's Office
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 1882
ksabatini@riag.ri.gov

*Attorneys for the State of Rhode Island*

**PHILIP J. WEISER**
ATTORNEY GENERAL OF COLORADO

/s/ David Moskowitz
David Moskowitz
*Deputy Solicitor General*
Colorado Department of Law
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
david.moskowitz@coag.gov

*Attorneys for the State of Colorado*

**WILLIAM TONG**
ATTORNEY GENERAL OF CONNECTICUT

/s/ Ashley Meskill
Ashley Meskill
*Assistant Attorney General*
Connecticut Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
(860) 808-5270
ashley.meskill@ct.gov

*Attorneys for the State of Connecticut*

**KATHLEEN JENNINGS**
ATTORNEY GENERAL OF DELAWARE

/s/ Ian R. Liston
Ian R. Liston
*Director of Impact Litigation*
Vanessa L. Kassab
*Deputy Attorney General*
Delaware Department of Justice
820 North French Street
Wilmington, DE 19801
(302) 683-8899
ian.liston@delaware.gov

*Attorneys for the State of Delaware*

**BRIAN L. SCHWALB**
ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA

/s/ Mitchell P. Reich
Mitchell P. Reich
*Senior Counsel to the Attorney General*
Office of the Attorney General for the District of Columbia
400 Sixth Street, NW
Washington, D.C. 20001
(202) 279-1261
mitchell.reich@dc.gov

*Attorneys for the District of Columbia*

**ANNE E. LOPEZ**
ATTORNEY GENERAL OF HAWAIʻI

/s/ Kalikoʻonālani D. Fernandes
Kalikoʻonālani D. Fernandes
*Solicitor General*
Department of the Hawaiʻi Attorney General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov

*Attorneys for the State of Hawaiʻi*

**AARON M. FREY**
ATTORNEY GENERAL OF MAINE

/s/ Vivian A. Mikhail
Vivian A. Mikhail
*Deputy Attorney General*
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333-0006
(207) 626-8800
vivian.mikhail@maine.gov

*Attorneys for the State of Maine*

**ANTHONY G. BROWN**
ATTORNEY GENERAL OF MARYLAND

/s/ James C. Luh
James C. Luh
*Senior Assistant Attorney General*
Office of the Maryland Attorney General
200 Saint Paul Place
20th Floor
Baltimore, MD 21202
(410) 576-6411
jluh@oag.state.md.us

*Attorneys for the State of Maryland*

**ANDREA JOY CAMPBELL**
ATTORNEY GENERAL OF MASSACHUSETTS

/s/ Hannah C. Vail
Katherine Dirks
*Chief State Trial Counsel*
Hannah C. Vail
*Assistant Attorney General*
Office of the Massachusetts Attorney General
1 Ashburton Place
Boston, MA 02108
(617) 963-2512
hannah.vail@mass.gov

*Attorneys for the Commonwealth of Massachusetts*

**DANA NESSEL**
ATTORNEY GENERAL OF MICHIGAN

/s/ Neil Giovanatti
Neil Giovanatti
Adam de Bear
*Assistant Attorneys General*
Michigan Department of Attorney General
525 W. Ottawa Street
Lansing, MI 48909
(517) 335-7603
GiovanattiN@michigan.gov

*Attorneys for the People of the State of Michigan*

**KEITH ELLISON**
ATTORNEY GENERAL OF MINNESOTA

/s/ Brian S. Carter
Brian S. Carter
*Special Counsel*
Minnesota Attorney General's Office
445 Minnesota Street
Suite 1400
St. Paul, MN 55101
(651) 757-1010
brian.carter@ag.state.mn.us

*Attorneys for the State of Minnesota*

**AARON D. FORD**
ATTORNEY GENERAL OF NEVADA

/s/ Heidi Parry Stern
Heidi Parry Stern
*Solicitor General*
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
hstern@ag.nv.gov

*Attorneys for the State of Nevada*

**RAÚL TORREZ**
ATTORNEY GENERAL OF NEW MEXICO

/s/ Mark Noferi
Mark Noferi
*Senior Litigation Counsel*
New Mexico Department of Justice
P.O. Drawer 1508
Santa Fe, NM 87504-1508
(505) 640-2891
mnoferi@nmdoj.gov

*Attorneys for the State of New Mexico*

**LETITIA JAMES**
ATTORNEY GENERAL OF NEW YORK

/s/ Julie Dona
Julie Dona
*Special Counsel*
Zoe Levine
*Special Counsel for Immigrant Justice*
Rabia Muqaddam
*Chief Counsel for Federal Initiatives*
28 Liberty Street
New York, NY 10005
(212) 416-8494
julie.dona@ag.ny.gov

*Attorneys for the State of New York*

**DAN RAYFIELD**
ATTORNEY GENERAL OF OREGON

/s/ Thomas H. Castelli
Thomas H. Castelli
*Senior Assistant Attorney General*
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880
thomas.castelli@doj.oregon.gov

*Attorneys for the State of Oregon*

**CHARITY R. CLARK**
ATTORNEY GENERAL OF VERMONT

/s/ Julio A. Thompson
Jonathan T. Rose
*Solicitor General*
Julio A. Thompson
*Co-Director, Civil Rights Unit*
Officer of the Vermont Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-5519
julio.thompson@vermont.gov

*Attorneys for the State of Vermont*

**NICHOLAS W. BROWN**
ATTORNEY GENERAL OF WASHINGTON

/s/ Tyler Roberts
Tyler Roberts
Benjamin Seel
Cristina Sepe
Marsha Chien
*Assistant Attorneys General*
Washington State Office of the Attorney General
800 Fifth Avenue
Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
Tyler.Roberts@atg.wa.gov

*Attorneys for the State of Washington*

**JOSHUA L. KAUL**
ATTORNEY GENERAL OF WISCONSIN

/s/ Frances Reynolds Colbert
Frances Reynolds Colbert
*Assistant Attorney General*
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 266-9226
frances.colbert@wisdoj.gov

*Attorneys for the State of Wisconsin*