# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

STATE OF ILLINOIS; STATE OF CALIFORNIA; STATE OF NEW JERSEY; STATE OF RHODE ISLAND; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF HAWAI'I; STATE OF MAIN; STATE OF MARYLAND; COMMONWEALTH OF MASSACHUSETTS; PEOPLE OF THE STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF OREGON; STATE OF VERMONT; STATE OF WASHINGTON; STATE OF WISCONSIN,

Plaintiffs,

v.

FEDERAL EMERGENCY MANAGEMENT AGENCY; UNITED STATES DEPARATMENT OF HOMELAND SECURITY; UNITED STATES COAST GUARD; DAVID RICHARDSON, in his official capacity as Senior Official Performing the Duties of the Administrator of the Federal Emergency Management Agency; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; and KEVIN E. LUNDAY, in his official capacity as Acting Commandant of the U.S. Coast Guard,

Defendants.

C.A. No. 1:25-cv-00206-MSM-RLA

**ORDER**

MARY S. MCELROY, United States District Judge.

Before the Court is the Plaintiff States' Second Motion to Enforce, ECF No. 83. The Plaintiff States allege that the Defendants violated a permanent injunction entered against them by the Court by imposing a new set of immigration-related conditions on the grants they administer for the 2026 fiscal year ("FY 2026"). *See* ECF No. 75. For the following reasons, the Court agrees, and GRANTS the Plaintiff States' Motion.

This case began after the Federal Emergency Management Agency ("FEMA"), Department of Homeland Security ("DHS") attempted to attach immigration-related conditions to federal grants for disaster and emergency relief and related programs during the fiscal year 2025 ("FY 2025"). The Plaintiff States challenged those conditions under the Administrative Procedures Act (the "APA") and the Spending Clause. ECF No. 1. On September 24, 2025, the Court issued a Memorandum and Order granting the Plaintiff States' Motion for Summary Judgment and denying the Defendants' Cross-Motion for Summary Judgment. ECF No. 71; *published at Illinois v. FEMA*, 801 F. Supp. 3d 75 (D.R.I. 2025). In that decision, the Court determined that the Defendants' decision to impose the conditions violated the APA because it was arbitrary and capricious, and that the conditions violated the Spending Clause because they were not reasonably related to the purposes of the grants, were unduly coercive, and were unlawfully ambiguous. *FEMA*, 801 F. Supp. 3d at 94–96. The

Court consequently vacated the conditions and permanently enjoined the Defendants "from enforcing the contested conditions against Plaintiff States." *Id.* at 98.

Notwithstanding that permanent injunction, the Defendants inserted the contested conditions into award letters to the Plaintiff States, along with statements promising that, should the injunction be paused or dissolved, the conditions would become effective immediately. *See* ECF No. 75 at 1. The Court determined that this plainly violated the terms of the permanent injunction because it required Plaintiffs to accept grant conditions subject to a condition precedent. *Id.* As such, the Court granted the Plaintiff States' first Motion to Enforce, ECF No. 73, by ordering, *inter alia*, that "Defendants are permanently enjoined from enforcing against Plaintiff States and their instrumentalities and subdivisions: (a) the contested conditions, (b) the 'Compliance with Federal Immigration Law' award articles, and (c) *any materially similar term requiring cooperation with federal immigration enforcement as a condition on federal funds*." *Id.* (emphasis added).

Despite that permanent injunction (the "October 2025 PI"), which remains in effect against the Defendants, they have now imposed new immigration-related conditions (the "FY 2026 Immigration Conditions") on grant funding for the fiscal year 2026 ("FY 2026"). *See* ECF Nos. 83-2 at 6–7; 83-6; 87-2.[1] Seven of these conditions are either identical or nearly identical to the "contested conditions" identified by the Court's previous orders. *See* ECF No. 83 at 7–11 (comparing the FY

[1] For the purposes of this Order, the Court defines the FY 2026 Immigration Conditions as they are defined in the Plaintiff States' Second Motion to Enforce. *See* ECF No. 87 at 7–11.

2025 and FY 2026 conditions). The eighth condition, the "Fusion Center Condition," requires state-owned fusion centers to coordinate with DHS in matters related to immigration enforcement. *See* ECF No. 87-2 at 3.

It is well established that permanent injunctions must be obeyed as long as they remain in force and effect. *Reich v. United States*, 239 F.2d 134, 138 (1st Cir. 1956). The Court has the authority to enforce an injunction against a party found to have violated it. *R.I. State Council of Churches v. Rollins*, 158 F.4th 304, 314 (1st Cir. 2025). The Court has "great discretion when deciding how to enforce violations of its own orders." *Id.* (quotation omitted). Should a party seek to dissolve an injunction, that party bears the burden of proving that an intervening change in fact or law has rendered the injunction inequitable. *See Washington v. U.S. Dept. of Hous. and Urb. Dev.*, 171 F.4th 473, 488 (1st Cir. 2026); *Concilio de Salud Integral de Loiza, Inc. v. Perez-Perdomo*, 551 F.3d 10, 16 (1st Cir. 2008); *see also Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d 1222, 1225 (1st Cir. 1994) ("[W]e think it evident that in the ordinary case dissolution should depend on the same considerations that guide a judge in deciding whether to grant or deny a preliminary injunction in the first place.").

The Defendants could have sought to dissolve the October 2025 PI if they believed that it should no longer constrain their conduct. They have not done so.[2] Instead, they imposed the FY 2026 Immigration Conditions without regard for

---

[2] Although the Defendants appealed the Court's Order and the October 2025 PI, *see* ECF No. 78, they subsequently dropped that appeal. *See* ECF No. 81.

whether those conditions violated the October 2025 PI. The only questions before the Court, as such, are (1) whether the October 2025 PI reaches FY 2026 Immigration Conditions; and (2) whether the FY 2026 Immigration Conditions are "materially similar" to the FY 2025 conditions.

As to the first question, the plain language of the October 2025 PI is not cabined to the FY 2025 grants at issue there. The reference to "any materially similar term requiring cooperation with federal immigration enforcement as a condition on federal funds" is unambiguously broad and contains no temporal limitation. Within the context in which the Court ordered the October 2025 PI, this broad relief was clearly warranted, given that the Defendants attempted to circumvent the Court's prior injunction by inserting the unconstitutional and unlawful conditions into award letters to grant recipients. And the Defendants themselves have appeared to recognize the applicability of other FY 2025 injunctions to FY 2026 grants. *See* ECF No. 83-4 at 7–9 (reviewing the non-applicability of other FY 2026 grant terms based on injunctions ordered in FY 2025 cases).

Regarding the second question, the seven FY 2026 Immigration Conditions that are either identical or nearly identical to the FY 2025 conditions are plainly "materially similar" to those previous conditions. As for the new "Fusion Center Condition," that condition is materially similar to an FY 2025 condition requiring cooperation with DHS and is consequently a "materially similar term requiring cooperation with federal immigration enforcement as a condition on federal funds."

The Defendants' decision to impose that condition, as with the other seven, violated the October 2025 PI.

Having made this determination, the Court now turns to the appropriate remedy. The Plaintiff States' requested relief is relatively narrow: they ask only that the Court declare that the FY 2026 Immigration Conditions violate the October 2025 PI, and that those conditions not be enforced against them. This remedy clearly falls within the "great discretion" the Court possesses in enforcing the October 2025 PI against the Defendants, and it is appropriate here. *R.I. State Council of Churches*, 158 F.4th at 314. Accordingly, the Court finds and orders the following:

- The Defendants' decision to implement the FY 2026 Immigration Conditions is declared to have violated the October 2025 PI;
- The Defendants are ENJOINED from enforcing the FY 2026 Immigration Conditions against the Plaintiff States, including their subdivisions and instrumentalities; and
- The Defendants are ORDERED to reissue award letters to the Plaintiff States, including their subdivisions and instrumentalities as appropriate, under the relevant grant programs without the FY 2026 Immigration Conditions.

IT IS SO ORDERED.

Mary S. McElroy

MARY S. MCELROY
United States District Judge

November 9, 2026